# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TBB GLOBAL LOGISTICS, INC.,** | : | **CIVIL ACTION NO. 1:09-CV-1682** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **GLOBAL EXPRESS SHIPPING, INC.** and **GREGG SHANBERG**, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 18th day of August, 2010, upon consideration of the motion (Doc. 35) for default judgment, filed by plaintiff TBB Global Logistics, Incorporated ("TBB"), wherein TBB seeks a judgment in the sum of $168,375.03 as a result of defendant Global Express Shipping, Incorporated and Gregg Shanberg (collectively, "defendants") breaching a contract entered by the parties, and it appearing that defendants were ordered to show cause on or before June 9, 2010 why default judgment should not be entered against them, (see Doc. 32), that defendants failed to comply with the court's directive, that defendants were served with a copy of TBB's motion (Doc. 35) for default judgment on June 30, 2010, (see Doc. 35); see also FED. R. CIV. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing . . . ."), and that as of the date of this order, defendants have not responded to TBB's motion (Doc. 35), opposed TBB's damages calculation, or

attempted to show cause why default judgment should not be entered, and concluding that the entry of default against defendants is appropriate because defendants have failed to "otherwise defend" themselves, FED. R. CIV. P. 55(a) (explaining that a party that has "failed to plead or otherwise defend" is subject to entry of default); see also Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (granting default judgment when corporate entity defendant entered appearance but failed to subsequently defend itself), and that the asserted damages in this matter are for a sum certain and uncontested, see 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688, at 63 (3d ed. 1998) (stating that a hearing on damages is not necessary when the damages are uncontested and for a sum certain); see also Rhino Assocs., 531 F. Supp. 2d at 657 (holding that a hearing was unnecessary when the evidence on fees and damages was not opposed and unambiguous), it is hereby ORDERED that:

1. The motion (Doc. 35) for default judgment is GRANTED.

2. The Clerk of Court is instructed to enter DEFAULT against defendants Global Express Shipping, Incorporated and Gregg Shanberg.

3. The Clerk of Court is instructed to enter JUDGMENT in favor of TBB and against defendants Global Express Shipping, Incorporated and Gregg Shanberg in the amount of $168,375.03.

4. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge